UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS B. MOORE, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) No. 4:09CV00156 AGF |
| ELLIS McSWAIN, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner, Dennis B. Moore for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Moore was convicted of the class B felony of drug trafficking in the second degree and resisting a lawful stop. He now challenges the constitutional sufficiency of the evidence to support his trafficking conviction. For the reasons set forth below, habeas relief shall be denied.

## BACKGROUND

The Missouri Court of Appeals summarized the evidence presented at trial as follows. Petitioner does not challenge the accuracy of this summary and this Court's review of the trial transcript confirms that the summary is fair and accurate.

> On July 6, 2005, around 8:15 a.m., Officers Kevin Moran ("Officer Moran") and Jeffrey Bockstruck ("Officer Bockstruck") conducted surveillance at 1620 Elliot after citizens complained about drug sales in the area. The officers observed the alley near 1620 Elliot through binoculars and saw [Moore] standing in the alley and several people approaching him and engaging in hand-to-hand transactions. Based on their experience, the officers concluded [Moore] was selling drugs and decided to approach him to investigate.

The officers drove the police car to 1620 Elliot and Officer Moran exited the car, but as soon as [Moore] saw the officers coming, he fled. Officer Moran pursued [Moore]. Officer Moran saw [Moore] retrieve something from his pocket and throw it on the ground. Officer Moran followed [Moore] into a building. When Officer Moran found [Moore] attempting to climb out a window, he ordered [Moore] to stop. [Moore] stopped, turned around, and swung at the officer. Officer Moran drew his night stick and ordered [Moore] to stop resisting. [Moore] did not comply and took another swing at Officer Moran. Officer Moran struck [Moore] in his right forearm and yelled for him to stop resisting. Eventually, Officer Bockstruck arrived and both officers were able to apprehend [Moore]. The officers handcuffed [Moore] and read him his Miranda rights. [Moore] responded, "f--- you, I'm supposed to run. You didn't have to hit me like that. I'm supposed to run and fight the police."

Officer Moran returned to the area where [Moore] had thrown something during his flight. Officer Moran found a plastic bag containing six off-white chunks of what appeared to be crack cocaine. Each chunk was individually wrapped in a knotted baggie inside the plastic bag. A chemist at the St. Louis Metropolitan Police Department Crime Laboratory examined the chunks and determined they all looked the same, they all looked like cocaine base, and they were all in the same plastic bag. The chemist performed a color test on one of the chunks, which indicated the presence of cocaine. The chemist then performed a spectrometer test, which confirmed that the substance was cocaine base. The gross weight of all the chunks was 3.03 grams.[1]

The state appellate court noted as follows:

The content of the bag had been previously tested by a different chemist for the purposes of a previous trial, which ended in a mistrial. At the time of the second test for the second trial, the chunks were no longer individually wrapped. The previous chemist was not available to testify at the second trial.

(Resp. Ex. F at 2-3.)

---

[1] Under Missouri law, a person is guilty of the class B felony of trafficking drugs in the second degree if he possesses between two and six grams of a substance containing cocaine base. Mo. Rev. Stat. § 195.223.3(1).

Moore was charged with the class B felony of trafficking drugs.  The jury was also instructed on the lesser-included offense of possession of a controlled substance, which required the jury to find that Moore possessed cocaine base, but did not require a finding that the weight of the substance exceeded two grams.  As noted above, Moore was found guilty of the class B felony and of resisting a lawful stop.  The trial court sentenced him as a prior and persistent offender to 11 years' imprisonment for drug trafficking and a concurrent sentence of one year in the county jail for resisting arrest.

On direct appeal Moore argued, as he does in his federal habeas petition, that the State did not present sufficient evidence that he had possessed more than two grams of cocaine because the chemist only tested one chunk of the seized substance and then added the weight of the five untested chunks to reach a gross weight of 3.03 grams.  He argued that the State was required to test each of the six chunks in order to use the gross weight to reach the quantity of more than two grams.

In rejecting this claim, the state appellate court explained that, under Missouri law, the State was not required to test all of the chunks of a substance, as the chemist testified that all of the chunks appeared to be the same substance and that the chunk tested was representative of the entire contents.  This was especially so where all of the chunks or baggies were found inside one larger bag. In Moore's case, random sampling was sufficient to show that all of the chunks were cocaine base because "all six chunks were in [Moore's] possession prior to flight from police; [Moore] discarded all the chunks at once in the same plastic bag; while all the chunks were individually wrapped, all the

chunks were in one bigger plastic bag; [and] all the chunks looked the same and appeared to be cocaine base." *Id.* at 4-7.

This federal habeas action followed.  As noted, Moore reasserts his claim that the evidence was insufficient to support the trafficking conviction.  Respondent argues that habeas relief should be denied because the state court's adjudication of the claim was legally and factually reasonable.

## DISCUSSION

### Standard of Review

>Under the Antiterrorism and Effective Death Penalty Act of 1996,
>
>[f]ederal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

*Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).

"For purposes of § 2254(d)(1), '*an unreasonable application of federal law is different from an incorrect application of federal law.*'"  *Id.* (quoting *Williams*, 529 U.S. at 410).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision."  Id. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was

- 4 -

an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 786-87; *see also Hardy v. Cross*, 132 S. Ct. 490, 491 (2011) (AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt.") (quoting another source).

**Sufficiency of the Evidence**

The due process clause prohibits the conviction of an accused "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). Constitutionally sufficient evidence supports a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The scope of review of the state courts' determination of whether evidence was sufficient is "extremely limited." *Garrison v. Burt*, 637 F.3d 849, 854-55 (8th Cir. 2011); *see also Skillicorn v. Luebbers*, 475 F.3d 965, 977 (8th Cir. 2007).

Upon review of the record, this Court concludes that the decision of the Missouri Court of Appeals that the evidence was sufficient to convict Moore of the trafficking offense is not contrary to or an unreasonable application of clearly established federal law. There is no dispute that Moore had possessed a single plastic bag containing six individually wrapped chunks of an off-white substance. There is also no dispute that each chunk looked identical, that a random test of one chunk revealed the presence of

cocaine, and that the total weight of the chunks was 3.03 grams. This direct and circumstantial evidence was sufficient to support a finding that Moore had possessed more than two grams of a substance containing cocaine base in the plastic bag that he had discarded during his flight from the officers. *See Gibson v. Bowersox*, 78 F.3d 372, 374 (8th Cir. 1996) (holding that random testing of pieces of similar texture and color is sufficient to prove drug quantity element of an offense).

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. Furthermore, the Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. §2254(d)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003) (standard for issuing a Certificate of Appealability) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Dennis B. Moore for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability shall not issue in this case.

A separate Judgment shall accompany this Memorandum and Order.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2012.